

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-17-00018-CR

_____

DUANE DEXTER TAYLOR, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 8th District Court
Hopkins County, Texas
Trial Court No. 1323407

Before Morriss, C.J., Moseley and Burgess, JJ.
Memorandum Opinion by Chief Justice Morriss

MEMORANDUM OPINION

In 2014, Duane Dexter Taylor, pursuant to a negotiated plea agreement, pled guilty to possession of less than one gram of cocaine in a drug-free zone. Taylor was placed on deferred adjudication community supervision for a period of ten years, and, in accordance with the terms of his plea agreement, was ordered to pay $140.00 in restitution, $350.00 in attorney fees, $386.00 in court costs, and a $2,000.00 fine. Subsequently, the State filed a motion to adjudicate Taylor's guilt, alleging that he had violated several of the terms and conditions of his community supervision. After Taylor pled true to all of these allegations, the trial court adjudicated Taylor's guilt, sentenced him to a term of five years' confinement, and ordered him to pay the restitution he originally agreed to pay pursuant to the terms of his 2014 plea bargain.[1] Taylor appeals.[2]

Taylor's attorney on appeal has filed a brief which states that he has reviewed the record and has found no genuinely arguable issues that could be raised. The brief sets out the procedural history and summarizes the evidence elicited during the course of the proceeding. Meeting the requirements of *Anders v. California*, counsel has provided a professional evaluation of the record demonstrating why there are no arguable grounds to be advanced. *Anders v. California*, 386 U.S. 738, 743–44 (1967); *In re Schulman*, 252 S.W.3d 403, 406 (Tex. Crim. App. 2008) (orig. proceeding); *Stafford v. State*, 813 S.W.2d 503, 509–10 (Tex. Crim. App. 1991); *High v. State*,

---

[1]The judgment waived Taylor's fine, court costs, and assessment of attorney fees "due to Defendant's indigency."

[2]In our cause number 06-17-00019-CR, Taylor appeals another conviction for possession of less than one gram of cocaine in a drug-free zone.

573 S.W.2d 807, 812–13 (Tex. Crim. App. [Panel Op.] 1978). Counsel also filed a motion with this Court seeking to withdraw as counsel in this appeal.

On April 17, 2017, counsel mailed Taylor copies of the brief, the appellate record, and the motion to withdraw. Taylor was informed of his right to review the record and file a pro se response. By letter dated April 17, 2017, this Court informed Taylor that any pro se response was due on or before May 18, 2017. After the deadline for filing a pro se response had passed, this Court further informed Taylor that the case was set for submission on July 7, 2017. Taylor has not filed a pro se response.

We have reviewed the entire appellate record and have independently determined that no reversible error exists. Yet, in *Anders* cases, appellate courts "have the authority to reform judgments and affirm as modified in cases where there is non reversible error." *Ferguson v. State*, 435 S.W.3d 291, 294 (Tex. App.—Waco 2014, pet. struck) (comprehensively discussing appellate cases that have modified judgments in *Anders* cases). Here, the non-reversible error is found in the trial court's listing of the degree of offense.

Possession of cocaine "is a state jail felony if the amount of the controlled substance to which the offense applies is, by aggregate weight, including adulterants or dilutants, less than one gram." TEX. HEALTH & SAFETY CODE ANN. § 481.112(b) (West 2017). When, as here, the offense occurs in a drug-free zone, "[a]n offense otherwise punishable as a state jail felony . . . is punishable as a felony of the third degree." TEX. HEALTH & SAFETY CODE ANN. § 481.134(b) (West 2017). Although Section 481.134(b) can be used to enhance a defendant's punishment range, it does not increase the level of the original offense.

3

We modify the trial court's judgment to reflect that Taylor was convicted of a state jail felony, not a third-degree felony. We affirm the trial court's judgment, as modified.[3]

Josh R. Morriss, III
Chief Justice

Date Submitted:     July 7, 2017
Date Decided:       July 21, 2017

Do Not Publish

---

[3]Since we agree that this case presents no reversible error, we also, in accordance with *Anders*, grant counsel's request to withdraw from further representation of appellant in this case. *See Anders*, 386 U.S. at 744. No substitute counsel will be appointed. Should appellant desire to seek further review of this case by the Texas Court of Criminal Appeals, she must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review. Any petition for discretionary review (1) must be filed within thirty days from either the date of this opinion or the date on which the last timely motion for rehearing was overruled by this Court, *see* TEX. R. APP. P. 68.2, (2) must be filed with the clerk of the Texas Court of Criminal Appeals, *see* TEX. R. APP. P. 68.3, and (3) should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure, *see* TEX. R. APP. P. 68.4.